## APPEAL OF BARNETT WEISS.

Docket No. 4497. Submitted October 14, 1925. Decided December 23, 1925.

1. Bare estimates of traveling expenses not sufficient as evidence proving the deductibility of such items.
2. Losses claimed by taxpayer on investments in stock and loans to a corporation not proved.

*Barnett Weiss* pro se.
*M. N. Fisher, Esq.*, for the Commissioner.

Before KORNER.

The taxpayer appeals from a determination of a deficiency in income taxes for the year 1923 of $113.95, which deficiency arises from the Commissioner's disallowance of (a) alleged traveling expenses, and (b) losses due to investments in stock and loans to a bankrupt corporation. The taxpayer was the sole witness, and the testimony, after direct and cross examination, was in many respects so indefinite, unsatisfactory, and varying that it was extremely difficult to deduce therefrom a finding of fact. The taxpayer produced no records or competent data of any description to support his oral statements, and his own recollection was extremely uncertain in many respects.

### FINDINGS OF FACT.

1. The taxpayer is a resident of New York City. During the year 1923 he was a traveling salesman, selling ladies' neckwear and scarfs. He worked on a commission basis and his territory included New York City, Port Chester, and certain Hudson River towns, to wit, Yonkers, New Rochelle, Newburgh, Poughkeepsie, Kingston, and Hudson; likewise certain New Jersey towns, to wit, Asbury Park, Long Branch, Perth Amboy, and South Amboy. In canvassing the Hudson River towns taxpayer usually made two-day trips. In canvassing other towns outside of New York City he usually went out in the morning and returned in the late evening. During the year 1923 he was so engaged in traveling for upwards of 20 weeks. Hotel bills were incurred only on trips to the towns up the Hudson River. Taxpayer kept no record of drawings or expenses nor did he keep any record of mileage traveled or of amounts expended by him for traveling or hotel expenses.

2. The Weiss Metal Corporation was organized by taxpayer's father and one Tausick, who was the taxpayer's employer. The taxpayer was vice president of the corporation, but testified that he did not own any stock. In some way, which is not disclosed by the evidence as to whether it was an investment in the stock of the corporation or a loan to it, taxpayer placed in the hands of the corporation $2,000. In 1923 the corporation went into bankruptcy and Tausick received a small percentage on his investment as a stockholder or as a creditor. The taxpayer was notified of the bankruptcy but filed no claim in the bankruptcy proceedings. He received no distribution in the liquidation of the corporation. There were very few creditors of the corporation, except Tausick, who was also the main stockholder.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

KORNER, *Chairman:* This appeal is typical of a class of cases which the Board is called upon to decide upon testimony which is nebulous or conflicting, or both. The taxpayer took the stand in his own behalf and testified that he traveled for upwards of 20 weeks in the year 1923 as a salesman. He kept no records or memoranda of any description showing his expense accounts or the miles traveled by him. The only evidence offered by him was an estimate that he must have spent $1,800 in that period of time as traveling expenses. He stated on the witness stand that this was nothing more than an estimate.

The Board is cognizant of the fact that every detail of a traveling expense account is difficult to keep and prove, and for that reason the Board is prone to give considerable latitude in the matter of evidence tending to prove such accounts. However, there must be something more than a bare estimate to support such a deduction. The burden of showing the incorrectness of the Commissioner's determination is upon the taxpayer, and the bare assertion of an estimate in matters of expenses which can in all probability be proven with some degree of accuracy is not sufficient proof.

The evidence adduced by the taxpayer relative to the second issue raised by his appeal is even more unsatisfactory and conflicting. The Board is wholly unable to determine from the record whether the taxpayer invested $2,000 in the Weiss Metal Corporation, as a stockholder, or whether he loaned such an amount to that corporation. In his petition the taxpayer alleges that he invested this money in stock and loans to the corporation. In his testimony on the witness stand the taxpayer stated that he was vice president of the Weiss Metal Corporation. His testimony then runs as follows:

Q. You say that $1,400 cash and $400 Liberty Bonds and $200 were loans?—A. Yes, Sir.

Q. What was it, money loaned to the corporation?—A. Well, I loaned money to the corporation.

Q. Did you take a note for it?—A. No, I did not, because that business was run by my dad and I didn't keep such strict tabs.

Q. That was not an investment?—A. No, none of the money was investment in the business.

Q. All the money you put into it then was a loan?—A. Yes.

Q. And the Liberty Bonds were a loan?—A. Yes, sir, and the checks were a loan, and the Liberty Bonds a loan. Well, they used to say, "You are a partner in the concern", but I never had anything written to that effect.

Q. Did you have any stock?—A. No, he said, you have no stocks but I had his word that I did have. I didn't care. I was helping him out. That is all I cared for, knowing that if the business was any good, I would get my money back.

\*       \*       \*       \*       \*       \*       \*

Q. How do you know this firm went into bankruptcy in 1923?—A. I know at that time that I attended the proceedings at the bankruptcy sale.

Q. Did you have a claim filed for any amount?—A. No, I had no claim filed.

\*       \*       \*       \*       \*       \*       \*

Q. If this was a loan to this corporation, the metals company, you didn't file a claim for the amount they owed you in the bankruptcy proceedings?—A. It was my father's business and I just treated it as a loan to the firm. I didn't at that time file a claim. I don't know why.

Q. Did the bankrupt concern pay something to the creditors?—A. Hardly anything.

Q. How much?—A. I dare say my employer must have received on about $8,000 investment about $120, or something like that. I don't know what the percentage is at all.

Q. Was your employer's investment in stock or a loan?—A. In stock.

Q. How did your employer get anything; was that common stock?—A. Common stock.

Q. How did he get anything on his common stock unless the creditors were paid in full?—A. That I could not account for.

Q. You know as a fact common stockholders don't generally get anything in the disposition of the bankrupt's estate until all the creditors are satisfied?—A. I suppose it works that way, I don't know.

The taxpayer offered to introduce in evidence three checks drawn by Tausick & Co. to Weiss Metal Corporation. These three checks were in respective amounts of $220, $300, and $700. These checks did not bear the indorsement of the taxpayer, but he claimed that they were drawn by Tausick & Co. to the Metal Manufacturing Corporation and charged to his account on the books of Tausick & Co., who were his employers. There was no evidence in support of this statement; neither the drawer nor the payee of the checks gave evidence nor was there any evidence that the checks in question had aught to do with the taxpayer. The books of his employer were not submitted in substantiation of the alleged charges to the taxpayer's account therein. On objection by the Commissioner the checks were not admitted in evidence. At the hearing, which was held in New York City, the taxpayer testified that his employer, who drew the checks and on whose accounts he claims the charges were made against him, was in the city, but no proffer was made of any evidence by such employer.

It is evident from the foregoing that no determination of the facts relative to this transaction was possible. The evidence wholly fails to enlighten the Board as to what the transaction was or what the taxpayer's rights are therein.

In view of the record as outlined in this opinion, the determination of the Commissioner must be approved.